GEORGE HENRY, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Physician — evidence as to his examination of an injured person — when the relation of physician and patient does not exist.*

In an action brought to recover damages arising from personal injuries alleged to have been sustained by the plaintiff while a passenger on the defendant's railroad, through the latter's negligence, the defendant called as a witness one Wilcox, a physician and surgeon, who testified that some two weeks before the accident the attending physician of the plaintiff brought the plaintiff to the witness' office and asked the witness to examine the plaintiff and see what was the matter with him; and that he made such examination, and, among other things, examined his ribs. He then was asked: "Did you find any fractured rib?" This question was objected to as incompetent, under section 834 of the Code of Civil Proceedure, and the objection was sustained.

*Held*, that the burden of showing that the relation of physician and patient existed between Wilcox and the plaintiff, rested upon the latter.

That it did not appear in this case that such relation existed between Wilcox and the plaintiff, or that the information afforded by the examination was necessary in order to enable Wilcox to act in the capacity of physician to the plaintiff.

That the question was a proper one.

Appeal by the defendant from a judgment, entered in the office of the clerk of the county of Cattaraugus on the 4th day of June, 1889, after a trial before the court and a jury at the Cattaraugus Circuit, at which a verdict was rendered in favor of the plaintiff for $1,250, with notice of an intention to bring up for review upon such appeal an order, dated on or about the 31st day of May, 1889, which denied defendant's motion for a new trial on the minutes.

*J. H. Stevens*, for the appellant.

*Ansley & Davie*, for the respondent.

Dwight, P. J.:

The single exception taken by the defendant in this case must be fatal to the judgment. The action was for a personal injury alleged to have been sustained by the plaintiff when a passenger on the defendant's road. The question litigated was of the existence and extent of the injury, the principal injury complained of being a broken rib. The defendant called as witness a physician and

surgeon, Dr. Wilcox, who testified that, some two weeks after the accident, the attending physician of the plaintiff brought the latter to the office of the witness and asked him to examine the plaintiff and see what was the matter with him ; and that he made such examination, and among other things examined his ribs. He was thereupon asked : " Did you find any fractured rib ? " To this question the plaintiff objected as incompetent under section 834 of the Code. The objection was sustained and the defendant excepted.

We think the question was not shown to be within the exclusion of the statute referred to. That statute is specific in its definition of the matters which the physician is forbidden to disclose. The exclusion is confined to "information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." It is clear that, to bring the case within the provision of the statute, it must appear that the relation of physician and patient existed between the examining physician and the person examined, and even that is not sufficient ; it must also appear that the information obtained was necessary to enable the physician to act in that capacity.

There is nothing in this case to show that Dr. Wilcox was requested or expected to treat or prescribe for the plaintiff, nor to advise in respect to his treatment, nor that he did either. So far as appears, the purpose of procuring the examination was to qualify — or, as counsel for the defendant suggests, to disqualify — the physician as a witness on the trial of the plaintiff's action. The error of the learned court at the circuit was in holding that it was the duty of the defendant offering the testimony to show that the relation of physician and patient did not exist, and, therefore, that the objection did not apply. Clearly it was incumbent upon the plaintiff to support his objection by proof of the facts necessary to bring the case within the definition upon which the objection was based.

For the error of the exclusion of the testimony of Dr. Wilcox, as the case stood, the judgment and order must be reversed and a new trial granted.

MACOMBER and CORLETT, JJ., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.